## Thomas McCain v. Will. O. White.

1. Partition Fence. *Neglect to repair. Animals trespassing. Right of co-owner. Code* 1880, § 988.

    By reason of the proviso to § 988, code 1880, where one joint owner of a partition fence fails to keep his part in repair, whereby his animals break into the premises of the co-owner, who injures them while thus trespassing, no damages are recoverable for such injuries.

2. Same. *Effect of proviso. No damages recoverable.*

    The prohibition in said proviso is not limited to suits for the statutory damages arising under said section. It deprives the negligent joint owner of the right to recover any damages whatever for injuries done to his animals under the circumstances therein stated.

From the circuit court of De Soto county.

Hon. W. M. Rogers, Judge.

This suit originated in a justice court, where the appellant, McCain, sued the appellee, Will. O. White, the statement of plaintiff's claim being as follows: "To damages done, shooting two mules, $150." There were two mistrials before juries in the justice court. On the third trial the jury found for plaintiff "$10 and one-half the costs." Defendant appealed to the circuit court where there was another trial, resulting in a judgment in his favor.

On the trial it was shown that there was a joint partition fence between the place of plaintiff and that of defendant; that a part of this fence was kept up by McCain, and a part by White. The evidence tended to show that White's part was a lawful fence, in good

repair, while that of McCain was a low rail fence, in bad repair, and down in several places. It is conceded by counsel for McCain that his fence was not a lawful one, and that White's was a lawful fence. It appears that the mules were turned loose in McCain's field, and went over the partition fence into the woods-lot of defendant and jumped over a lawful fence into his orchard, where defendant shot them with bird shot, inflicting some injury. The evidence tends to show that the mules went through McCain's part of the partition fence.

The case was submitted to the jury under the instructions. Plaintiff's instructions were lost from the files, and are therefore not contained in the record, but an agreement on file authorizes the court to dispose of the case without them.

After motion for new trial overruled, plaintiff appealed. The further statement of the case is contained in the opinion of the court.

*Powel & Powel,* for appellant.

This action was not brought under § 988, code 1880, which gives to a party double damages for injuries done to animals under the circumstances therein stated.

Where there is a joint partition fence, and one owner fails to keep up his part, so that his stock goes through to the premises of the other party, who does keep up his part of the fence, and they are there shot and injured, if damages are not recoverable, then this case was properly disposed of in the court below.

But this action is maintainable independently of § 988 of the code. Though a party has a lawful fence, if he finds stock trespassing on his land he cannot resort to a shot-gun, but must use milder and more reasonable means. On general principles, he is liable for all *unnecessary* damages. We consider it useless to cite authorities in support of this proposition.

We think the court erred in instructing the jury, and that the judgment should be reversed.

*H. R. C. Foster,* for appellee.

The court properly instructed the jury. Under the proviso to

§ 988, code 1880, the plaintiff was not entitled to recover. The facts fully sustain the verdict, and the judgment should be affirmed.

*Ira D. Oglesby*, on the same side.

As this case originated in the justice court, and there are no pleadings in writing, the evidence introduced must be looked to, in order to determine the character of the action. How could all this testimony introduced by plaintiff have been competent except in a suit for damages under § 988 of the code? He even attempted to prove that defendant did not have a lawful fence. After seeking to recover double damages under the statute and failing, he will not be permitted to experiment with the court by claiming redress on general principles.

There being no written pleadings, the circuit court knowing the "general run and tenor" of the case, was competent to decide upon what theory the suit had been brought. The court correctly applied the law.

Woods, C. J., delivered the opinion of the court.

This was an action brought for the recovery of damages for injuries resulting from the shooting of appellant's stock by the appellee. That the stock was shot while trespassing on the fenced grounds of appellee is undisputed; and that the premises of the parties to the suit were divided by a partition fence is likewise undisputed. Whether the portions of this partition fence belonging to the parties respectively were lawful fences and in good repair; whether the stock found its way into defendant's close through McCain's part of the partition fence, or in some other way, were points much disputed, and concerning which much evidence was taken. These were questions of fact to be determined by the jury, and the verdict has determined them adversely to appellant's theory.

It is only necessary for us to consider the assignment of error which calls in question the charge given for the defendant by the court below. This charge substantially informed the jury that, if McCain and White were joint owners of a partition fence, each bound to keep in proper repair his part of the same, and that

McCain had failed to so keep in repair his part of such partition fence, whereby his stock had broken through into White's premises, then plaintiff was not entitled to recover damages, even on proof of White having shot McCain's stock.

The consideration of this instruction involves the construction of § 988, code of 1880, and especially the concluding clause of the last sentence. After providing for the payment of double damages for injuries done to trespassing stock by any person not having a lawful fence, and after providing for a settlement by reference to disinterested neighbors, we find this : "*provided*, the foregoing provisions shall not extend to any joint owner of a partition fence who has failed to make the proper repairs thereof, as against his co-owner, *and such joint owner shall not be entitled to any damages for injury to his animals which have broken through such partition fence.*" The italicised words first appear in the code of 1880, the antecedent portion of the section having been incorporated in our other codes in 1857 and 1871. These italicised words create a new rule of diligence in duty for joint owners of partition fences, and offer the strongest incentive to faithfulness of performance. The purpose of the legislature was doubtless to protect the provident and painstaking against the improvidence, and indifference, and thriftlessness of irresponsible joint-owners of partition fences. It by express terms deprives the indolent and improvident joint-owner of a partition fence of any damages—not double damages, nor any damages provided in that section, but *any* damages—for injuries done his stock by reason of their having broken through the partition fence because of his failure to keep his part in proper repair.

The statute seems incapable of any other interpretation, without wresting the words from their obvious meaning.

This construction of the statute is conclusive of the case.

*Affirmed.*